**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

```
-------------------------------------------------------------- x
```
MARY DOWLING WHISKEY COMPANY LLC,  :

                  Plaintiff,      :

   -against-                :

DOWLING DISTILLING CORP.      :

              Defendant.    :

```
-------------------------------------------------------------- X
```

Civil Action No. 4:26-cv-674

**COMPLAINT**

## COMPLAINT

Mary Dowling Whiskey Company LLC ("Plaintiff" or "MDWC"), by and through its undersigned counsel, as and for its Complaint, alleges as follows:

### NATURE OF THE ACTION

1.     This is an action for infringement of a registered trademark in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), unfair competition and false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), and unfair competition in violation of the common law of the State of Texas.

### JURISDICTION AND VENUE

2.     The Court has original jurisdiction over the claims arising under the Lanham Act pursuant to 15 U.S.C. § 1121 and 28 U.S.C. § § 1331 and 1338.  The Court has supplemental jurisdiction over the state law claim pursuant to 28 U.S.C. § 1367.

3.     This Court has personal jurisdiction over the Defendant in that the Defendant is domiciled in this judicial district and has infringed Plaintiff's trademark rights in the State of

Texas, including in this judicial district, causing harm to Plaintiff in Texas.

4.     Venue is proper in this Court pursuant to 28 U.S.C. §1391(b) in that Defendant resides in the district, and that a substantial part of the events giving rise to this claim occurred in this district.

## THE PARTIES

5.     Mary Dowling Whiskey Company LLC is a Kentucky limited liability company with its principal place of business at 711 E. Jefferson Street, Louisville, KY 40202.

6.     Upon information and belief, Dowling Distilling Corporation ("DDC") is a Texas corporation with its principal place of business at 126 South Main Street, Van Alstyne, TX 75495. DDC may be served with process through its registered agent, Nicholas Bennett Dowling, located at 459 Tolson Avenue, Van Alstyne, TX 75495.

## THE FACTS

7.     MDWC is the owner of a family of marks featuring the term DOWLING used on distilled spirits (the "Dowling Marks").

8.     MDWC owns several trademark registrations for the DOWLING Marks in Class 33 for "Distilled Spirits"; namely,  (Reg. No. 5946217 for "Distilled spirits"), DOWLING BROTHERS (Reg. No. 6224092 for "Distilled spirits"), DOWLING (Reg. No. 6330734 for "Distilled Spirits"), and MARY DOWLING (Reg. No. 7068867 for "Distilled Spirits").

9.     Registration No. 5946217 has become incontestable under Section 15 of the United

-2-

States Trademark Act of 1946, as amended, 15 U.S.C. § 1065, and thus constitutes conclusive evidence of the validity of that mark, MDWC's ownership of that mark, and MDWC's exclusive right to use that mark in connection with distilled spirits.

10.    MDWC has extensively promoted and advertised the sale and distribution of DOWLING-branded spirits in the United States.  A significant portion of MDWC's current advertising for the DOWLING brand makes reference to Mary Dowling, a female distiller who rose to fame at the end of the 19th century.  Ms. Dowling moved her distillery to Mexico, across the El Paso border, during Prohibition, where it remained until the 1960s.

11.    MDWC calls upon the name and story of Mary Dowling in advertising its spirits, as indicated in the screenshots below and attached:



*See* **Ex. "A"** at 1-2 ("Mary Dowling Advertising Website Screenshots").

12.    Consumer interest in Mary Dowling continues to date.  Mary Dowling was inducted into the Kentucky Bourbon Hall of Fame in 2025, and her life was the subject of a recent book, *Mother of Bourbon*, which is advertised on MARY DOWLING's website. *Id*. at 3 ("Mary Dowling Book Advertisement on Website").

13.    MDWC sells varieties of whiskey under the MARY DOWLING brand name nationwide, including at several locations in the Dallas-Fort Worth metroplex. *Id*. at 4 ("Mary Dowling DFW Metroplex Sale Locations").

14.    One of the ways MDWC advertises its MARY DOWLING-branded products is by publishing various cocktail recipes that customers can use in connection with the MARY

-4-

-5-

DOWLING WHISKEY products, such as DOWLING'S GARDEN SIP and the DOWLING 75:





*Id*. at 5 ("Mary Dowling Published Cocktail Recipes").

15.     MDWC also owns the domain name <marydowling.com> that leads to MDWC's website, which prominently features the DOWLING Marks, provides information on where consumers can purchase MDWC goods sold under the DOWLING Marks, and features cocktail recipes, such as those identified above, that promote MDWC's MARY DOWLING-branded products.

16.     MDWC has extensively marketed and promoted the DOWLING Marks in connection with its goods and has invested substantial time, money, and labor in developing significant goodwill in the DOWLING Marks and goods sold under those marks.

17.     MDWC's goods offered under the DOWLING Marks have been the subject of widespread unsolicited media coverage across the United States, and the spirit products have

33483/002/7124282

received a number of industry accolades.

18.     MDWC's Marks operate as a distinctive source identifier uniquely associated with MDWC and its goods and services.

19.     As a result of MDWC's efforts and long, extensive, and continuous use of the DOWLING Marks, the DOWLING Marks are well known among the consuming public, distinctive, and have acquired secondary meaning designating MDWC as the source of the goods Plaintiff provides.

20.     MDWC's DOWLING Marks possess significant goodwill of great value to MDWC.

## DEFENDANT'S ACTIVITIES

21.     Defendant incorporated in Texas as "Dowling Distilling Corporation" in 2023. Defendant operates a distillery, café, and cocktail lounge under the trademark DOWLING DISTILLING (the "Infringing Mark"), where it offers, among other items, distilled spirits and cocktail syrups.

22.     Upon information and belief, Defendant owns and operates the website <dowlingdistilling.com>, where it advertises its distillery, café, and cocktail lounge services, as well as its distilled spirits, cocktail syrups, and merchandise. *See* **Ex. "B"** at 1 ("Dowling Distilling Website Screenshot").

23.     Upon information and belief, Defendant also advertises its goods and services in connection with the DOWLING DISTILLING mark on Instagram and Facebook. *Id*. at 2 ("Dowling Distilling Social Media Screenshots").

33483/002/7124282

24.    On October 18, 2023, Defendant applied to the Alcohol and Tobacco Tax and Trade Bureau ("TTB") to approve a label for its use on distilled spirits, which label prominently uses THE DOWLING MOONSHINE as a brand name and indicating that the product was to be "Distilled and Bottled" by DOWLING DISTILLING.

25.    Defendant filed a similar application with the TTB for label approval on October 29, 2023 and November 1, 2023.





*Id.* at 3-4 ("Dowling Distilling TTB Label Approval Application Materials (10/29/2023 and 11/1/2023)").

33483/002/7124282

26.     On April 11, 2024, Defendant applied to the TTB to approve four more labels for its use on varieties of distilled spirits, each of which prominently uses the term "DOWLING DISTILLING", as seen below, now followed by the ™ symbol, indicating that Defendant was claiming trademark rights in the term DOWLING DISTILLING:





*Id.* at 5-6 ("Dowling Distilling TTB Label Approval Application Materials (11/11/2024)").

27.     In addition to its line of distilled spirits, Defendant has used the trademark

33483/002/7124282

DOWLING in connection with a line of cocktail syrups, such as the logo seen here:



*Id.* at 7 ("Dowling Craft Cocktails Logo"). Upon information and belief, such cocktail syrups were intended to be paired with distilled spirits, including the type sold by Plaintiff under its DOWLING Marks.

28.     Like Plaintiff, Defendant also has advertised its DOWLING-formative marks by reference to Prohibition.  Specifically, Defendant has used DOWLING DISTILLING in connection with several varieties of moonshine, and it also advertises its "Speak Easy" event on certain nights.

29.     Defendant is using and has used DOWLING-formative marks in connection with alcoholic beverages and goods and services related to alcoholic beverages that are identical or closely related to those Plaintiff uses in connection with its DOWLING Marks.

30.     Defendant has performed the aforementioned acts without Plaintiff's permission or authority, and notwithstanding Plaintiff's prior rights.  Plaintiff has notified Defendant that its use of DOWLING-formative marks infringes upon Plaintiff's superior trademark rights and has demanded that Defendant cease and desist from any further use of such designations.

31.     Moreover, it is clear that Defendant had prior knowledge of Plaintiff's rights and that its use of DOWLING-formative marks is likely to cause consumer confusion, because, for a number of years, it has included a disclaimer, in fine print, at the bottom of its website, noting that it is not "affiliated w/ Dowling Bro's or Mary Dowling."

-9-

Copyright © 2023 Dowling Distilling Corporation - All Rights Reserved. Not affiliated w/ Dowling Bro's or Mary Dowling.

*Id*. at 8 ("Dowling Distilling Website Disclaimer")

32. Despite such notice and with full awareness of Plaintiff's superior rights, Defendant has nevertheless continued to use DOWLING-formative marks in willful violation of Plaintiff's trademark rights.

## COUNT I
## FEDERAL TRADEMARK INFRINGEMENT (15 U.S.C. § 1114)

33. Plaintiff repeats and realleges paragraphs 1 through 32 of this Complaint as if fully set forth herein.

34. The DOWLING Marks are owned by MDWC and are valid and legally protectable.

35. MDWC's registrations for the DOWLING Marks are valid, subsisting, and in full force and effect.

36. As a result of MDWC's extensive use and promotion of the DOWLING Marks, the DOWLING Marks enjoy considerable goodwill, widespread recognition, and secondary meaning and have become associated with MDWC and the goods it provides.

37. Prior to its use in United States commerce of DOWLING-formative marks, Defendant had, at a minimum, constructive knowledge of MDWC's ownership and federal registration of the DOWLING Marks pursuant to 15 U.S.C. § 1072.

38. Defendant's DOWLING-formative marks are confusingly similar to MDWC's DOWLING Marks.

39. The types of goods and services offered by Defendant under its DOWLING-formative marks are identical or closely related to those offered by MDWC under the DOWLING

-10-

33483/002/7124282

Marks.

40.     Upon information and belief, Defendant's unauthorized use of confusingly similar DOWLING-formative marks in connection with alcoholic beverage-related goods and services is likely to confuse or deceive consumers into believing that Defendant's goods are connected with, sponsored by, licensed by, affiliated with, related to, or approved by MDWC, MDWC's DOWLING branded products, or both.

41.     Upon information and belief, and as indicated by its aforesaid disclaimer, Defendant had actual and direct knowledge of MDWC's prior use and ownership of the DOWLING Marks.  Defendant's conduct is therefore willful and reflects Defendant's intent to exploit the goodwill and brand recognition associated with the DOWLING marks.

42.     Defendant's actions constitute infringement of registered marks in violation of 15 U.S.C. § 1114(1).

43.     MDWC has been, is now, and will be irreparably harmed by Defendant's acts of infringement, and unless enjoined by the Court, Defendant will continue to infringe MDWC's DOWLING Marks.

44.     There is no adequate remedy at law for the harm caused by Defendant's acts of infringement alleged herein.

45.     In addition, Defendant's violation of 15 U.S.C. § 1114(1) entitles it to Defendant's profits pursuant to 15 U.S.C. § 1117(a), in an amount to be determined by the court at trial.

33483/002/7124282

## COUNT II
## FEDERAL UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN
### (15 U.S.C. § 1125(a))

46.     Plaintiff repeats and realleges paragraphs 1 through 45 of this Complaint as if fully set forth herein.

47.     As a result of MDWC's extensive use and promotion of the DOWLING Marks, the DOWLING Marks enjoy considerable goodwill, widespread recognition, and secondary meaning and have become associated with MDWC and the goods it provides.

48.     Defendant's advertising, sale, offering for sale and/or distribution of products using DOWLING-formative marks falsely suggests and is likely to confuse or deceive the public into believing that its business, products, and brand name is connected or affiliated with, sponsored by, or related to Plaintiff's goods or commercial activities.

49.     Defendant's use of DOWLING-formative marks, as alleged herein, constitutes false designation of origin in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

50.     Upon information and belief, Defendant had actual and direct knowledge of MDWC's prior use and ownership of the DOWLING Marks.  Defendant's conduct is therefore willful and reflects Defendant's intent to exploit the goodwill and brand recognition associated with the DOWLING marks.

51.     Plaintiff has been, is now, and will be irreparably harmed by Defendant's acts of falsely designating the origin of Defendant's goods, and, unless enjoined by the Court, Defendant will continue these acts, causing further irreparable harm.

52.     There is no adequate remedy at law for the harm caused by Defendant's acts alleged herein.

33483/002/7124282

53. In addition, Defendant's violation of 15 U.S.C. § 1125(a) entitles it to Defendant's profits pursuant to 15 U.S.C. § 1117(a), in an amount to be determined by the court at trial.

**COUNT III**
**<u>COMMON LAW UNFAIR COMPETITION UNDER TEXAS STATE LAW</u>**

54. Plaintiff repeats and realleges paragraphs 1 through 53 of this Complaint as if fully set forth herein.

55. The DOWLING Marks are owned by MDWC and are valid and legally protectable.

56. As a result of MDWC's extensive use and promotion of the DOWLING Marks, the DOWLING Marks enjoy considerable goodwill, widespread recognition, and secondary meaning and have become associated with MDWC and the goods it provides.

57. Defendant's advertising, sale, offering for sale and/or distribution of products using DOWLING-formative marks is likely to confuse or deceive the public into believing that its business, products, and brand is connected or affiliated with, sponsored by, or related to Plaintiff's goods or commercial activities.

58. Defendant's use of DOWLING-formative marks, as alleged herein, constitutes unfair competition under Texas state law.

59. Upon information and belief, Defendant had actual and direct knowledge of MDWC's prior use and ownership of the DOWLING Marks.  Defendant's conduct is therefore willful and reflects Defendant's intent to exploit the goodwill and brand recognition associated with the DOWLING marks.

60. Plaintiff has been, is now, and will be irreparably harmed by Defendant's acts of falsely designating the origin of Defendant's goods, and, unless enjoined by the Court, Defendant will continue these acts, causing further irreparable harm.

33483/002/7124282

61.     There is no adequate remedy at law for the harm caused by Defendant's acts alleged herein.

## COUNT IV
## COMMON LAW MISAPPROPRIATION

62.     Plaintiff repeats and realleges paragraphs 1 through 65 of this Complaint as if fully set forth herein.

63.     The DOWLING Marks are owned by MDWC and are valid and legally protectable.

64.     Through extensive time, labor, skill, effort, advertising, promotion, branding, research, product development, and financial investment, MDWC created, developed, marketed, and commercially established the DOWLING Marks and the associated goodwill, reputation, branding, and consumer recognition connected thereto.

65.     MDWC's efforts have resulted in substantial marketplace recognition and commercial value associated with the DOWLING Marks and the historical identity and branding connected to the Mary Dowling name.

66.     Defendant has used and continues to use DOWLING-formative marks, branding, advertising, promotional materials, domain names, social media identifiers, and related commercial designations in direct competition with MDWC in connection with distilled spirits, alcoholic beverages, cocktail-related products, and related services.

67.     Upon information and belief, Defendant intentionally adopted and used DOWLING-formative marks and related branding in order to capitalize upon, appropriate, and benefit from the goodwill, recognition, consumer association, and commercial value created by MDWC without bearing the substantial expense and effort incurred by MDWC in developing and promoting the DOWLING Marks.

33483/002/7124282

68.     Defendant has thereby obtained an unfair competitive advantage and "free ride" by exploiting the commercial value, goodwill, and market recognition created through MDWC's substantial expenditures of time, labor, skill, and money.

69.     Defendant's conduct constitutes unfair competition by misappropriation under Texas common law.

70.     As a direct and proximate result of Defendant's conduct, MDWC has suffered and will continue to suffer commercial injury, including damage to goodwill, loss of control over its reputation and brand identity, consumer confusion, diversion of sales, and other monetary and irreparable harm.

71.     Defendant's conduct was intentional, willful, and undertaken with knowledge of MDWC's prior rights and commercial activities associated with the DOWLING Marks.

72.     Plaintiff has no adequate remedy at law and is entitled to injunctive and other equitable relief.

## **DEMAND FOR RELIEF**

WHEREFORE, MDWC respectfully requests that this Court grant the following relief as to each of the above causes of action:

A.     Entry of an order and judgment requiring that Defendant, its officers, agents, servants, employees, owners, representatives, and all other persons or entities in active concert or participation with them be permanently enjoined and restrained from (a) using in any manner the designations DOWLING DISTILLING, DOWLING, THE DOWLING MOONSHINE, the DOWLING Marks, or any names or marks that contain the term "DOWLING" or are confusingly similar thereto in connection with any alcoholic beverage-related goods and/or services; and (b)

-15-

33483/002/7124282

doing any other act or thing calculated or likely to cause confusion or mistake in the minds of the members of the public or prospective customers of MDWC as to the source of the goods offered, distributed, or marketed by Defendant or likely to deceive members of the public or prospective consumers into believing that there is some connection between Defendant and MDWC;

B.      A judgment ordering Defendant, pursuant to 15 U.S.C. § 1116(a), to file with this Court and serve upon MDWC within thirty (30) days after entry of the injunction a report in writing under oath setting forth in detail the manner and form in which Defendant has complied with the injunction and implemented adequate and effective means to either discontinue doing business or discontinue offering or marketing alcoholic beverage related goods or services bearing DOWLING-formative marks;

C.      A judgment ordering Defendant, pursuant to 15 U.S.C. § 1118, to deliver for destruction or to show proof of destruction or sufficient modification to eliminate all articles, packages, wrappers, products, displays, labels, signs, circulars, kits, packaging, letterheads, business cards, literature, materials, receptacles, and any other matter in the possession, custody or under the control of Defendant or its agents or distributors bearing DOWLING-formative designations in any form or manner whatever or any mark that is confusingly similar to or a colorable imitation of the DOWLING Marks, both alone and in combination with other words or terms;

D.      A judgment directing Defendant to account to MDWC for all profits derived from Defendant's wrongful acts, pursuant to 15 U.S.C. § 1117(a) and state law;

E.      A judgment that MDWC be awarded Defendant's profits to MDWC from Defendant's use of DOWLING-formative marks, together with MDWC's reasonable attorneys'

-16-

33483/002/7124282

fees and costs, pursuant to 15 U.S.C. § 1117(a) and state law;

F.      A judgment awarding MDWC equitable relief under Texas common law;

G.      A judgment that Defendant may not use or register, in any manner, a DOWLING-formative mark, or any other name or mark that incorporates, constitutes a colorable imitation of, or is confusingly similar to DOWLING Marks in connection with alcoholic beverage-related goods or services;

H.      A judgment that Defendant be directed to surrender all TTB COLA label approvals for DOWLING-formative designations that have been issued to it or any other entity that secured such label approvals on Defendant's behalf;

I.      A judgment that Defendant be required to transfer to Plaintiff the domain name <DOWLINGDISTILLING.COM> and any other domain names comprising or containing the terms DOWLING or DOWLING DISTILLING, and cease use of any social media profiles under the DOWLING DISTILLING designation; and

J.      A judgment granting MDWC such other and further relief as this Court deems just and proper.

Dated: June 18, 2026

Respectfully submitted,

COWAN LIEBOWITZ & LATMAN, P.C.

Louis S. Ederer (lse@cll.com) (*pro hac vice* application forthcoming)
Joelle A. Milov (jam@cll.com) (*pro hac vice* application forthcoming)
114 West 47th Street
New York, New York 10036
Tel: (212) 790-9200

*/s/ John P. Martin*

Gene A. Hamm II
State Bar No. 00795405
ghamm@hammfirm.com
John P. Martin
State Bar No. 24074657
jmartin@hammfirm.com

**THE HAMM FIRM**
1333 W. McDermott, Suite 200
Allen, Texas 75013
Main: (469) 656-1593
eFax: (469) 656-1594

*Attorneys for Plaintiff Mary Dowling Whiskey Company LLC*

-18-

33483/002/7124282